IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DARREN BOTTINELLI, et al.,** | Civil No. 3:19-cv-00256-MO |
| Petitioners, | |
| v. | **OPINION AND ORDER** |
| **JOSIAS SALAZAR, Warden, FCI Sheridan, and WILLIAM BROWN, BOP Community Corrections Manager,** | |
| Respondents. | |

Petitioners filed this Petition for a Writ of Habeas Corpus on February 20, 2019, arguing that, in light of the First Step Act of 2018, the Bureau of Prisons (BOP) should immediately recalculate their sentences to allow them to take advantage of the amendments affecting the way the BOP calculates good conduct time credits. On March 6, 2019, the parties filed a joint status report requesting that I rule on the merits of the Petitioners' requests for habeas relief based on the previously submitted briefing and without additional briefing. [14]. The parties agreed that the Petitioners' requests presented two legal questions: (1) are Petitioners required to exhaust their administrative remedies within the BOP before seeking habeas relief; and (2) is the First Step Act's change to calculating good conduct time credits effective immediately? [*Id.* at p. 2].

1- OPINION AND ORDER

All the Petitioners named in this habeas action challenge the manner of the execution of their sentences. Habeas petitions that challenge the manner of a sentence's execution must be brought under 28 U.S.C. § 2241 in the custodial court. *Hernandez v. Campbell,* 204 F.3d 861, 864 (9th Cir. 2000) (*per curiam*). This opinion and order only applies to those Petitioners over whom I have jurisdiction under 28 U.S.C. § 2241.[1]

I find that Petitioners are excused from the requirement that they exhaust their administrative remedies because by the time they exhaust their remedies within the BOP, they will, in many cases, be incapable of getting the relief sought because their claimed correct release dates are either passed or imminent.

I find that the text of the First Step Act requires me to dismiss Petitioners' claims as meritless. Section 102(b)(1) of the First Step Act of 2018, Public Law 115-391, amended 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the sentence imposed. But the text of the Act establishes that this provision is not immediately effective. Section 102(b)(2) of the Act provides that the amendments made in subsection 102(b) of the Act take effect only when the Attorney General completes the "risk and needs assessment system" required by Section 101(a) of the Act. Section 101(a) does not require completion of the system until 210 days after the Act's enactment. Section 102(b)(1) therefore will not take effect until approximately July 2019. I cannot, as Petitioners invite me to do, ignore Section 102(b)(2)'s express and unambiguous text and conclude that, despite what it clearly said, Congress really intended the "good time fix" to be effective immediately.

---

[1] On March 12, 2019, I granted Petitioners Marshall Allen Stucky and Yeni Nieblas-Escarrega's Unopposed Motion to Dismiss their participation in this habeas petition. [17]. It appears that all the other Petitioners are in custody in Oregon.

## CONCLUSION

As set forth above, I DENY Petitioners' Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and DISMISS this action with prejudice.

Dated this 12 day of March 2019.

                                                                                                 /s/ Michael W. Mosman
                                                                                                 MICHAEL W. MOSMAN
                                                                                                 Chief United States District Judge